## N. P. LEVY v. E. W. TAYLOR ET AL.

### (Case No. 1956.)

1. INSURANCE—BENEFIT CERTIFICATE—SECURITY TO CREDITOR—W. secured a benefit certificate, in favor of his wife, from the "Ancient Order of United Workmen," and upon his failure to pay the required assessments, the right to receive under it was suspended. The certificate was renewed in the name of L., " creditor," who paid the past and future assessments and charged them to the account of W. L. afterward came into possession of additional claims against W., and on his death sought to subject the money received under the certificate to the payment of all the claims. *Held:*

(1) The renewal of the certificate was evidently intended solely to give L. a security for the debt then existing, and for such sums as he should have to pay in the way of assessments, and L. understood that the sums paid on assessments were simply loans to W.

(2) Therefore W's representatives were entitled to the surplus after payment of the original debt and sums advanced to pay assessments. But if L. had secured and kept up the certificate with his own funds, W's representatives would have had no claim. (Bliss on Ins., 326.)

(3) L's subsequently acquired claims, not having been in contemplation of the parties when the certificate was renewed, he had no power to secure their payment out of the money derived from it. •

APPEAL from Marion. Tried below before the Hon. W. P. McLean. The opinion states the facts.

*Geo. T. Todd,* for appellant.

*McKay & Camp,* for appellees.

STAYTON, ASSOCIATE JUSTICE.—It appears that prior to June 17, 1884, A. U. Wright secured a benefit certificate in favor of his wife, from the "Ancient Order of United Workmen," whereby the wife would have been entitled to the sum of $2000 on the death of her husband. Wright was a member of that order, and to entitle his wife to the benefit, contemplated by the certificate, it was necessary for him to pay assessments which might be made upon him by the order. It seems that he had failed to pay some assessments made, and that for this reason the right to receive under the certificate was suspended. While the matter thus stood, A. U. Wright being indebted to the appellant, proposed to him to have the benefit certificate renewed in the name of N. P. Levy, "creditor," evidently as a security for the indebtedness, which then amounted to about $200, Levy to pay the past and future assessments as they might be made.

The benefit certificate was so renewed in the name of Levy, "creditor," who paid the assessments and charged them to the account

of Wright.   Wright died on March 31, 1885, and the order forwarded to its agent at Jefferson a draft for $2000 to meet its liability under the certificate.   When the draft came the friends and attorney for the widow of Wright asserted claim for her to all the money due under the certificate except the sum of $241.06, which embraced the sum due from Wright to Levy at the time the certificate was issued, interest thereon, and sums paid by Levy on all the assessments made against Wright, all of which were charged to Wright on the books of Levy. Levy claimed to have bought from other persons several claims against Wright, amounting to $593.83, which he insisted should be paid out of the sum due under the benefit certificate, consenting that the residue should be paid to the widow of Wright.

After some controversy between the parties it was agreed that the sum of $241.06 should be paid to Levy, that $593.83 should be placed in the hands of E. W. Taylor, to abide litigation as to the right of Levy to have payment of that sum on the claims against Wright, which he claimed to have bought before Wright's death, and that the residue of the $2,000 should be paid to the widow of Wright. According to this agreement the matter was adjusted, and Levy received $241.06, Mrs. Wright received $1,163.11, leaving the balance of $595.83 in the hands of Taylor to abide the result of litigation.

This action was brought to recover that money, and Taylor was made defendant. The widow of Wright in her own behalf and in behalf of a minor son of herself and her deceased husband, intervened in the cause, denying that Levy was the owner of the claims which he alleged that he had bought, and alleging that he held them only for collection. Her petition also set up the circumstances under which the benefit certificate, in which Levy, "creditor," was named as the beneficiary was issued, and claimed the proceeds still in the hands of the stakeholder. She also alleged that the estate of her husband was insolvent, that there was no administration thereon, and that there would be none, and that the entire estate left was not sufficient to pay the allowance to herself and minor child, and to pay the sum to which they would be entitled in lieu of exempt property.

It appears that there was not among the effects of the deceased, many of the things exempted to the family, and that although prior to his death, Wright had purchased a home, yet that it had not been paid for, was covered by a lien for the purchase money about equal to its value, to foreclose which an action was pending.   The evidence shows that the entire estate, including the money in controversy, would not more than equal the reasonable allowance to the family for exempted property not existing in kind, to say nothing of the years

allowance. It also tends to show that the appellant was not the real owner of the claims he now seeks to enforce, though the evidence bearing upon that question is conflicting.

It is evident that the renewal of the benefit certificate, by which the creditor instead of the wife was named as the beneficiary, was intended solely to give to the creditor a security for the debt then existing, and, for such sums as the creditor should have to pay in the way of assessments to keep the obligation alive.

It is also apparent that the creditor understood that such sums as he might pay on assessments were to be considered as between him and the debtor simply as a loan; for he made charges upon his books against the debtor for the sums so paid. The rule in such a case, upon a policy of insurance, which the benefit certificate essentially is, is thus correctly stated: "The rule seems to be that, if the insurance is effected at the expense of the debtor, either with his prior consent or by his not objecting to charges for premiums in the accounts, and it appears to have been intended as a security only, the debtor or his representative is entitled to the surplus after payment of the debt; but if the creditor insures with his own funds, the debtor's representatives have no claim." Bliss on Insurance, 326.

No question arises in this case between the insurer and the creditor who was named as the beneficiary; for that matter was settled by the agreement of the parties and the insurer duly receipted, and an agreement, in effect, made that the creditor should not receive the sum placed in the hands of the stake-holder, unless it was determined in a suit to be instituted that he was entitled to receive it in his own right. Were the appellant, the *bona fide* holder of the claims which he asserts that he bought from their owners since the benefit certificate was issued, it could not be held that the parties ever contemplated that they should thus be secured.

It follows that he has no interest in or right to the money deposited with the stake-holder, and it is, therefore, unimportant to him what disposition may be ultimately made of the money. If the creditors of A. U. Wright be of the opinion that it should go into the hands of an administrator of his estate, and that through an administration their claims should be satisfied out of it, the courts are open to them.

We have not deemed it necessary to consider what might be the right of the widow under the facts which existed before and led to the renewal of the certificate in the name of the creditor; nor how far, as the survivor of the community, there being no administration, she may be considered the representative of the community estate. The judgment rendered declares the appellant not entitled to the fund

which he seeks to recover, and the stake-holder makes no objection to it. We find no error in the judgment in so far as the appellant is concerned, and need not consider any question between the intervenor and the defendant.

The judgment will be affirmed.

AFFIRMED

[Opinion delivered November 9, 1886.]